## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

SHAMICA ELIZABETH FISHER,

               Plaintiff,

v.

RESIDENTIAL REALTY SERVICES CORP.
A/K/A REALTY SERVICES CORP.,

               Defendant.

_____/

### <u>COMPLAINT</u>
*{Jury Trial Demanded}*

Plaintiff, SHAMICA ELIZABETH FISHER, brings this action against Defendant, RESIDENTIAL REALTY SERVICES CORP. A/K/A REALTY SERVICES CORP., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 <u>et seq.</u>, and alleges as follows:

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      At all times material hereto, Plaintiff SHAMICA ELIZABETH FISHER was a resident of the State of Florida and an "employee" of Defendant as defined by the FLSA.

3.      At all times material hereto, Defendant, RESIDENTIAL REALTY SERVICES CORP. A/K/A REALTY SERVICES CORP., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.     In justifiable reliance upon Defendant's representations and promises, Plaintiff SHAMICA ELIZABETH FISHER accepted employment and began working for Defendant as a consultant leasing specialist.

5.     Defendant regularly failed to pay Plaintiff for all the overtime hours that Plaintiff worked.

6.     Defendant failed to pay Plaintiff for all hours worked over 40 each week at the proper overtime rate of 1.5 times Plaintiff's regular hourly rate.

7.     The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendant; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

8.     Defendant has knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

9.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10.    Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

11.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-10 above as if set forth herein in full.

12.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791