United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Shamica Fisher and Enza Ialongo, Plaintiffs<br>v.<br>Residential Realty Services, Corp., Defendant | )<br>)<br>) | Civil Action No. 16-61167-Civ-Scola |

## **Order Granting the Defendant's Motion To Dismiss**

The Defendant Residential Realty Services, Corp., asks the Court to dismiss the Plaintiffs Shamica Fisher and Enza Ialongo's Second Amended Complaint. (Mot., ECF No. 21). Residential Realty contends that the Plaintiffs fail to establish either individual coverage or enterprise coverage under the Fair Labor Standards Act ("FLSA"). The Plaintiffs responded in opposition, asserting that no heightened pleading requirement exists for FLSA claims and that their Second Amended Complaint sufficiently pleads enterprise coverage. (Resp., EXCF No. 22.) Residential Realty replied. (Reply, ECF No. 23.) This matter is ripe for the Court's decision. For the reasons set forth in this Order, the Court **grants** the Motion (**ECF No. 21**).

### 1. Factual Allegations

Residential Realty employed Fisher as a "consultant leasing specialist" and Ialongo as a "consultant leasing specialist and bookkeeper." (Second Am. Compl. ¶¶ 5–6, ECF No. 19.) The Second Amended Complaint provides no information describing the duties or tasks required of the Plaintiffs. Instead, the Second Amended Complaint merely asserts that Residential Realty "engaged in interstate commerce in the field of residential and commercial property leasing and management," "engaged along with its employees in interstate commerce," and "operates the website www.olenliving.com, and markets apartments in California, Florida, Arizona, Nevada, and Georgia." (*Id.* ¶¶ 3–4.) Finally, the Second Amended Complaint alleges that Residential Realty has gross sales in excess of $500,000. (*Id.* ¶ 3.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require detailed factual

allegations . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). However, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555.

**3. Analysis**

The FLSA provides a mechanism for employees to recover unpaid overtime wages. 29 U.S.C. § 216(b); *see also Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011). The Court remains mindful that "the requirements to state a claim of a[n] FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (Scola, J.) ("[T]o properly allege individual or enterprise coverage, [the plaintiff] need not do much."). Nonetheless, an employee still must show that the jurisdictional prerequisite of "interstate commerce" exists, by establishing either individual coverage or enterprise coverage. *Josendis,* 662 F.3d at 1298; *see also Villafana v. Our Children's Planet Corp.*, No. 15-23432-CIV, 2016 WL 3470013, at *2 (S.D. Fla. Mar. 24, 2016) (Scola, J.).

"An employee is subject to individual coverage if he is *directly* and *regularly* 'engaged in' interstate commerce." *Josendis,* 662 F.3d at 1298 (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). The Court need not inquire further regarding whether the Plaintiffs properly pleaded individual coverage under the FLSA because the Plaintiffs, by failing to address Residential Realty's arguments in their Response, concede that individual coverage does not exist. *See Brady v. Medtronic, Inc.*, No. 13-CV-62199-RNS, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (Scola, J.) ("Generally, a 'litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.'" (quoting *Phillips v. Hillcrest Med. Ctr.,* 244 F.3d 790, 800 n. 10 (10th Cir. 2001) (internal quotation marks omitted))); *see also Anderson v. Branch Banking & Trust Co.*, 119 F. Supp. 3d 1328, 1345 (S.D. Fla. 2015)

(Bloom, J.) (collecting cases where a party's claims were subject to dismissal through failure to address arguments in responsive pleadings).

On the other hand, a plaintiff can establish "enterprise coverage" if the employer: (1) has at least two employees engaged in interstate commerce or in the production of goods for interstate commerce, or at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. 29 U.S.C. § 203(s)(1)(A); *Villafana*, No. 15-23432-CIV, 2016 WL 3470013, at *2; *see also Polycarpe v. E & S Landscaping Serv., Inc. (Polycarpe I)*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("If an employer ha[s] two or more workers engaged in commerce or the production of goods for commerce, the FLSA coverage extend[s] to all of the enterprise's employees.").

The Eleventh Circuit has parsed extensively the meanings of such key terms as "commerce," "goods" and "materials." *See, e.g.*, *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1221–23 (11th Cir. 2010). However, the Court cannot conduct an application of that analysis to the case at hand because the Plaintiffs have not supplied any facts for the Court to consider. Specifically, other than mere "labels," the Plaintiffs have provided no information regarding the nature of Residential Realty's business, how the employees and customers use the website in furtherance of that business, or what specific tasks or responsibilities Residential Realty requires of the Plaintiffs or other employees. Faced with a similarly skeletal FLSA Complaint, this Court noted that dismissal without prejudice was required:

> [T]he Court finds that [the plaintiff] has not properly pled either individual or enterprise coverage here. The primary problem is that the Complaint provides no factual allegations about the nature of [the plaintiff's] work or the nature of [the defendant's business. . . . [N]owhere in the Complaint does [the plaintiff] say . . . whether [his work] involved a connection to interstate commerce. Nor does the Complaint allege what kind of . . . services [the defendant] provides to customers or whether such services are tied to interstate commerce. As a result, dismissal without prejudice is required.

*Ceant*, 874 F. Supp. 2d at 1377; *see also Steele v. Int'l Assoc. of Trauma & Addiction Counselors, Inc.*, No. 13–62077, Dkt. 58 at 3–4 (S.D. Fla. Jan. 1, 2016) (Scola, J.) (dismissing a FLSA complaint without prejudice because the plaintiff failed to describe the nature of her employer's work).

In amending, the Plaintiffs must set forth, through straightforward allegations, the exact nature of Residential Realty's business, as well as how that business and their work for the company connect to interstate commerce.

*Labbe*, 319 F. App'x at 763; *Villafana*, 2016 WL 3470013, at *3; *Ceant*, 874 F. Supp. 2d at 1379.

## 4. Conclusion

For the reasons explained herein, the Court **grants** the Defendant's Motion to Dismiss (**ECF No. 21**). The Court **dismisses** the Second Amended Complaint (**ECF No. 19**), with leave to amend. The Plaintiffs shall have until **December 7, 2016** to file their Third Amended Complaint, consistent with this Order. Residential Realty shall file a response no later than fourteen days after service of the Third Amended Complaint. The Court will dismiss this case with prejudice if the Third Amended Complaint does not allege sufficient facts to establish enterprise coverage.

**Done and ordered**, Miami, Florida, on November 23, 2016.



Robert N. Scola, Jr.
United States District Judge